**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:07CV-P21-M**

**RICKY DALE SPENCE**                                                                                               **PLAINTIFF**

**v.**

**DAVID OSBORNE et al.**                                                                                            **DEFENDANTS**

**MEMORANDUM OPINION & ORDER**

Defendant Jay Wethington has filed a motion to withdraw D. Brent Irvin as attorney and to substitute Tad Thomas as attorney of record (DN 16). The motion is hereby **GRANTED**.

Plaintiff, Ricky Dale Spence, who was an inmate at the Daviess County Detention Center at the time, filed a *pro se*, *in forma pauperis* civil-rights complaint against Jailer David Osborne and Commonwealth Attorney Jay Wethington in their individual capacities. Plaintiff alleged that on three separate occasions in December 2006, he was beaten, raped, and sodomized by an inmate at the jail; that he was told by the police and sheriff's department that Defendants were covering the crimes up to keep them out of court and the newspapers because they do not want people to know what is happening to mentally ill inmates like Plaintiff at the jail; and that Defendants are threatening him. He sues for monetary and punitive damages and injunctive relief. On initial review, the Court allowed Plaintiff's claims to proceed beyond initial screening, directed that service be effected on Defendants, and established a schedule to govern the development of discovery in this case. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Defendant Osborne has moved for dismissal for lack of prosecution (DN 13). As reason, he cites Plaintiff's failure to file a pre-trial memorandum as required by this Court's scheduling order and the fact that Plaintiff has not engaged in discovery at all. Defendant Osborne further cites to

Plaintiff's failure to comply with the Court's order to keep this Court and Defendants apprised of any change of address. Defendant Osborne states that he has attempted to provide Plaintiff with documents relevant to the allegations of the complaint but that the mail was returned by the U.S. Postal Service marked "Attempted, Not Known – Return to Sender." Attached as an exhibit is a copy of an envelope, marked "Legal Mail," from counsel for Defendant Osborne addressed to Plaintiff at his address of record. The envelope has been stamped "return-to-sender."

When Plaintiff initiated this civil action under 42 U.S.C. § 1983, he assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

Based on Defendant Osborne's motion and exhibit attached thereto, Plaintiff has not advised the Court of a change of address, and neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff. In such situations, courts have an inherent power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the case by separate order.

Date:

cc: Plaintiff, *pro se*
      Counsel of record
4414.009